UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS J. WALKER,

                Petitioner,

    v.

JERI BOE,

                Respondent.

Case No. C17-1540-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Curtis Walker seeks to challenge in this action his 2012 King County Superior Court judgment and sentence. Respondent filed an answer to petitioner's habeas petition together with relevant portions of the state court record. Petitioner filed a response to respondent's answer. This Court, having reviewed the submissions of the parties, concludes that this federal habeas action should be dismissed as untimely under 28 U.S.C. § 2244(d).

BACKGROUND

On February 2, 2012, petitioner was found guilty, following a jury trial, on one count of murder in the first degree and one count of unlawful possession of a firearm in the first degree.

REPORT AND RECOMMENDATION
PAGE - 1

(*See* Dkt. 15, Ex. 1 at 1.) Petitioner was sentenced on March 22, 2012 to a total term of 608 months confinement, and that sentence was ordered to run consecutive to a sentence imposed in a prior King County Superior Court matter. (*See id*., Ex. 1 at 4.) Petitioner appealed his convictions to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming the convictions on March 31, 2014. (*See id*., Exs. 2-6.) Petitioner moved for reconsideration of the Court of Appeals' opinion, and that motion was denied on June 13, 2014. (*Id*., Exs. 7-9.) Petitioner next sought review in the Washington Supreme Court, and the Supreme Court denied review without comment on November 5, 2014. (*Id*., Exs. 10-11.) The Court of Appeals issued a mandate terminating direct review on December 31, 2014. (*Id*., Ex. 12.)

On November 20, 2015, petitioner filed a personal restraint petition in the Washington Court of Appeals, and the Acting Chief Judge of the Court of Appeals issued an order dismissing the petition on September 14, 2016. (*See id*., Exs. 13-16.) Petitioner thereafter sought review in the Washington Supreme Court, and the Supreme Court Commissioner issued a ruling denying review on April 24, 2017. (*See id*., Exs. 17-18.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on September 29, 2017. (*See id*., Ex. 19.)

On December 14, 2015, while petitioner's personal restraint petition was pending in the Court of Appeals, petitioner filed a motion to vacate his judgment and sentence under Washington Superior Court Criminal Rule (CrR) 7.8 in the King County Superior Court. (*Id*. at 20.) That motion was transferred to the Court of Appeals for consideration as a personal restraint petition. (Dkt. 15, Ex. 22.) The Court of Appeals dismissed the petition on March 29, 2016. (*Id*., Ex. 23.) Petitioner did not seek further review in the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in that proceeding on May 6, 2016. (*Id*., Ex. 24.)

On October 16, 2017, petitioner submitted his original federal habeas petition to this Court

REPORT AND RECOMMENDATION
PAGE - 2

for filing. (*See* Dkt. 1 at 15.) Because of deficiencies in the original petition, the Court declined to serve that petition on respondent. (*See* Dkt. 5.) Petitioner filed an amended petition on November 27, 2017 (Dkt. 6), and that is the operative petition in this action.

## DISCUSSION

Respondent argues in his answer to petitioner's amended federal habeas petition that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d). (*See* Dkt. 13 at 13-17.) Petitioner argues in his amended response to respondent's answer that based upon his calculation of the limitations period, and assuming proper credit for all statutory tolling, his petition was filed 24 days before the limitations period expired. (*See* Dkt. 17.)

### Statute of Limitations

Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied petitioner's petition for review on direct appeal on November 5, 2014. (Dkt. 15, Ex. 11.) Petitioner had 90 days after the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately February 3, 2015, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a petition for writ of certiorari, his conviction became final on or about February 3, 2015. 28 U.S.C. §

REPORT AND RECOMMENDATION
PAGE - 3

2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on November 20, 2015, which stopped the clock on the federal statute of limitations. At that time, 289 days had run on the statute of limitations. The Washington Supreme Court denied petitioner's motion for discretionary review on April 24, 2017, thus concluding petitioner's collateral proceedings in the state courts. The statute of limitations began to run again the following day, April 25, 2017, and expired 76 days later on July 10, 2017.

Petitioner argues in his amended response to respondent's answer that the statute of limitations did not begin to run again until September 29, 2017, the date on which the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings. (*See* Dkt. 17 at 3.) However, that argument is not supported by prevailing Ninth Circuit law. The Ninth Circuit has made clear that it is the decision of a state appellate court denying review, and not the ministerial act of issuing a mandate, that signals the conclusion of review. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74, 1077 (9th Cir. 2007). *See also White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) ("[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review."); *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (applying Washington law and rejecting argument that the mandate signals the conclusion of direct review).[1]

---

[1] Under Washington's Rules of Appellate Procedure (RAP), a certificate of finality issued in a personal restraint proceeding serves the same ministerial function as a mandate on direct appeal; *i.e.*, it notifies the parties that proceedings have concluded. *See* RAP 12.5 ("A 'mandate' is the written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review."); RAP 16.15(e) ("A

REPORT AND RECOMMENDATION
PAGE - 4

As respondent correctly notes, there was nothing further pending before the Washington courts after the Washington Supreme Court Commissioner denied petitioner's motion for discretionary review on April 24, 2017. It was this decision that effectively concluded petitioner's personal restraint proceedings and, thus, petitioner was entitled to statutory tolling of the limitations period only through the date of that decision. As explained above, the statute of limitations began to run again on April 25, 2017, the day following the issuance of the Commissioner's decision, and it expired 76 days later on July 10, 2017. Petitioner did not file his federal habeas petition until October 16, 2017, over three months after the statute of limitations expired.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008,

---

certificate of finality is the written notification of the clerk of the appellate court to the trial court and the parties that the proceedings in the appellate court have come to an end.").

REPORT AND RECOMMENDATION
PAGE - 5

1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)

Petitioner does not argue in his materials that he is entitled to equitable tolling. However, petitioner does suggest that he may be entitled to some leeway because he is proceeding *pro* se and because "he believed the clock re-started on September 29, 2017, and that he had 41 days left to file his habeas petition and his claims have merit." (*See* Dkt. 17 at 4.) As explained above, miscalculation or negligence on petitioner's part is simply not sufficient to establish an entitlement to equitable tolling.

Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-barred and must therefore be dismissed.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's amended petition for writ of habeas corpus, and this action, be dismissed with prejudice. This Court further

recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 27, 2018**.

DATED this 3rd day of April, 2018.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7